Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ANTONIO BORQUES BURGOS<br><br>Recurrido<br><br>v.<br><br>JANET CRUZ DÍAZ<br><br>Peticionaria | TA2025CE00739 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de HUMACAO<br><br>Caso Núm.:<br>HSCI201500244<br><br>Sobre:<br>Liquidación de Sociedad de Bienes Gananciales |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

El 7 d noviembre de 2025, Janet Cruz Díaz (Cruz Díaz o la peticionaria) acudió ante nos mediante recurso de *certiorari* y nos solicita la revocación de la *Orden* dictada en el caso de epígrafe el 9 de octubre de este año; notificada el 10. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario) le ordenó a Cruz Díaz pagarle a Antonio Borques Burgos (Borques Burgos o el recurrido) la cantidad de $26,440.16 por su participación en la liquidación de un inmueble perteneciente a las partes en comunidad de bienes post ganancial.

Estudiado el legajo apelativo, y conforme al derecho que más adelante expondremos, resolvemos **denegar** expedir el auto solicitado.

-I-

Las partes se divorciaron bajo la causal de ruptura irreparable en el año 2014.[1] En ese momento, se estableció la residencia ubicada en Villas San Cristóbal II, G-1 Calle Calistemón, Las Piedras, PR como hogar seguro para

---

[1] Véase Anejo I del Apéndice.

la hija menor de ambos. Posteriormente, específicamente el 2 de marzo de 2015, el recurrido instó una *Demanda* contra Cruz Díaz sobre división de comunidad post ganancial en la que solicitó el inventario y avalúo de los bienes pertenecientes a la extinta Sociedad Legal de Gananciales habida entre las partes, así como su participación y adjudicación.[2] En cuanto a este pleito, es importante mencionar que el 25 de junio de 2018, las partes presentaron una *Estipulación y Solicitud Para Que Se Dicte Sentencia.* Allí, informaron llegar a un acuerdo. En lo pertinente, estipularon lo siguiente:

[…]

Cuatro: En cuanto al **bien inmueble localizado en la Carretera 183 Urb. Villas de San Cristóbal 2, Calle Calistemon G1, Las Piedras, Puerto Rico**, las partes han acordado mantener el inmueble como hogar seguro en beneficio de la menor procreada durante el matrimonio. Ahora bien, habiendo expresado la demandada interés en retener el inmueble se ha acordado lo siguiente: Borques Burgos cederá a Cruz Díaz su participación en el mencionado inmueble, siempre y cuando la demandada complete los trámites de refinanciamiento y liberación del crédito de Sr. Borques Burgos dentro del término de un (1) año, cuyo término comenzará a contar a partir de que la sentencia en este caso advenga final y firme. En dicho caso, será responsabilidad de Cruz Díaz hacer todos los trámites bancarios y legales para realizar la correspondiente cesión y lograr el refinanciamiento necesario, como de igual forma Cruz Díaz asumirá todos los gastos relacionados con dicho proceso de cesión y refinanciamiento. En esta alternativa Borques Burgos sólo vendrá obligado y así se compromete desde ahora a personarse al lugar, en el día y hora que sea citado a firmar cualquier y todo documento público y/o privado que sea necesario para completar dicho proceso de cesión a favor de Cruz Díaz, de cumplirse con los términos antes mencionados, sin tener que realizar aportación económica alguna para dicho proceso. Si la demandada no completa el proceso de refinanciamiento en o antes del año, cuyo término comenzará a contar desde que la sentencia en el presente caso advenga final y firme, entonces Borques Burgos no vendrá obligado a ceder su participación en el inmueble, el cual se mantendría como hogar seguro hasta que la menor, hija de las partes, advenga a su mayoría de edad, o hasta que las partes determinen disponer del inmueble por acuerdo mutuo dejando sin efecto la protección de hogar seguro. **En ese caso Borques Burgos recibirá el 50% de la ganancia, por concepto de su participación ganancial en el inmueble y vendrá obligado a aportar en la misma proporción a cualquier gasto de cierre relacionado con el mismo y su venta**.

En tanto y en cuanto la demandada utiliza la propiedad inmueble antes mencionada de forma exclusiva, esta vendrá obligada a pagar la totalidad de las contribuciones municipales al CRIM, hasta que se proceda con la liberación de Borques Burgos de la titularidad del inmueble, ya sea por cesión y/o por venta.

---

[2] Véase Anejo II del Apéndice, Demanda en el caso HSCI201500244.

Además de lo antes transcrito, en el escrito sometido por las partes recogieron los siguientes acuerdos:

Ambas partes certifican que el presente documento fue redactado de conformidad con sus instrucciones y voluntades, y que el mismo contiene todos los acuerdos relacionados con la liquidación total de la extinta sociedad legal de gananciales Borques-Cruz. A esos efectos, ambas partes certifican que han leído este acuerdo en su totalidad y que han entendido el lenguaje utilizado en el mismo. De igual forma, certifican las partes que cada uno tuvo la oportunidad de discutir con sus respectivos representantes legales los términos y condiciones de este cuerdo, entendiendo además las consecuencias legales del mismo, razón por la cual firman el presente documento libre y voluntariamente, bajo juramento, comprometiéndose a dar fiel cumplimiento con sus términos.

En consideración a lo anterior, el demandante y la demandada se ofrecen entre si el más completo relevo de responsabilidad con relación a los hechos alegados en la demanda y sus contestaciones, daños, deudas, reclamaciones y/o cualquier otro asunto que pueda sufrir con relación a los mismos, pasada, presente y/o futura, conocidas o por conocer, así como cualquier otra reclamación que pueda surgir entre ellos, en relación a la demanda de autos.

En virtud de los acuerdos alcanzados e informados, el 28 de junio de 2018, el tribunal dictó *Sentencia* acogiéndolos y haciéndolos formar parte íntegra de esta. El 31 de enero del año en curso, el recurrido informó al tribunal que la hija de ambas partes había advenido a la mayoría de edad, por lo que solicitó que se eliminara la designación de hogar seguro del bien inmueble adquirido durante el matrimonio.[3] En respuesta a este escrito, el 17 de junio de 2025 el TPI emitió *Orden* mediante la cual dejó sin efecto el hogar seguro, impuso un canon de arrendamiento a la peticionaria por el uso exclusivo de la propiedad a partir del mes de enero de 2025, y ordenó, entre otras cosas, la liquidación de la propiedad ubicada en la Urbanización Villas de San Cristóbal II.

El 2 de julio de 2025, la peticionaria solicitó la reconsideración de la imposición de renta. También, informó interesar adquirir la propiedad y a tales efectos, sometió documento para evidenciar que ha iniciado los trámites para adquirir la participación del recurrido. Además, reclamó que

---

[3] Aunque el documento producido por la peticionaria solamente contiene la primera página del escrito, por su propio título entendemos que, por las razones antes consignadas, Borques Burgos solicitó que se ordenara la liquidación del inmueble.

se le compensara por todo pago de hipoteca, mejora o mantenimiento que asumió mientras vivió la residencia. Así, alegó haber pagado alrededor de $112,586.76 en concepto de la hipoteca que gravaba la propiedad y haber tenido gastos por $22,871.80. El 10 de julio de 2025, el foro primario declaró No Ha lugar la reconsideración y le ordenó al recurrido expresarse en cuanto el interés de Cruz Díaz en adquirir la propiedad.

El 1ro de agosto de 2025, el recurrido presentó *Moción Oposición* en la que manifestó no tener objeción a que la peticionaria adquiriera la propiedad, siempre y cuando se le garantizara su participación del 50% de la ganancia de la venta y que esta se realice inmediatamente el tribunal resolviera. De igual forma, señaló que el reclamo de Cruz Díaz por pagos de hipoteca y gastos era improcedente. Esto, pues conforme los acuerdos alcanzados en el caso y recogidos en sentencia final y firme, al no haber cumplido con adquirir la propiedad dentro del año siguiente a haberse dictado sentencia, tenía derecho al 50% de la ganancia.

El 19 de agosto de este año, la peticionaria replicó la moción sometida por Borques Burgos. En síntesis, distinguió los casos citados por el recurrido de las circunstancias particulares del pleito. A su vez, señaló que no pudo adquirir la propiedad dentro del año estipulado porque en ese momento no tuvo capacidad de pago. De igual forma, planteó que lo acordado entre las partes no limitaba su derecho a ser compensada.

El 12 de septiembre de 2025, el recurrido presentó *Moción en Cumplimiento de Orden* en la que afirmó que la figura de la compensación no era aplicable al caso, pues ya las partes habían estipulado cómo iba a dividirse la SLG. Particularmente, estableció que dichos acuerdos establecían con precisión lo referente a la propiedad en controversia y destacó que la sentencia que los aprobó era final y firme. Es más, señaló que en la estipulación aprobada por el tribunal las partes se ofrecieron entre sí el más completo relevo de responsabilidad sobre los hechos alegados en la

demanda, sus contestaciones, daños, deudas, reclamaciones pasadas, presentes, o cualquier otra reclamación que pudiera surgir entre ellos. Atendido estos escritos, el 18 de septiembre del año en curso, el TPI ordenó que la propiedad se vendiera y se liquidara conforme a la Sentencia del 2018.[4]

En desacuerdo, la peticionaria solicitó reconsideración y aclaración de orden. Mientras, el recurrido instó una *Solicitud de Orden* para que la peticionaria pagara su participación y las rentas ordenadas.[5] El 9 de octubre de 2025, el foro primario le ordenó a la peticionaria pagarle al recurrido $26,440.18. Ese día, en orden aparte, dejó sin efectos las rentas impuestas y estableció que los gastos serían en partes iguales.[6] Inconforme aún, Cruz Díaz instó el recurso de epígrafe y señaló la comisión del siguiente error:

> Erró en derecho el TPI y abusó de su discreción al ordenar a la peticionaria pagar al recurrido la cantidad de $26,440.18 en liquidación de la propiedad inmueble en comunidad post ganancial, sin mediar ningún tipo de compensación a la peticionaria por los pagos realizados por ella en exceso de su 50% de participación por concepto del préstamo hipotecario, mejoras y mantenimiento de la propiedad. Por lo cual, actuó en violación al derecho a compensación, que opera ex proprio vigore y de manera ipso jure; así como también resolvió en contrario a lo resuelto en *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022) y *Montalván Ruiz v. Rodríguez Navarro*, 161 DPR 411 (2004), induciendo un evidente enriquecimiento injusto en menoscabo del patrimonio de la peticionaria.

Atendido el recurso, el 10 de noviembre de 2025, le ordenamos al recurrido a comparecer dentro del plazo reglamentario para hacerlo. En cumplimiento, el 12 de noviembre de 2025, recibimos su *Oposición a Expedición de Recurso de Certiorari*. Luego, y ante la *Moción uniéndonos a la representación legal* sometida por la Lcda. Yamara Torres Meléndez, aceptamos a la licenciada Torres Meléndez como su co-representante legal. Con el beneficio de su comparecencia, damos por sometido el asunto y procedemos a resolver, no sin antes exponer la normativa aplicable.

---

[4] Dicha orden fue notificada el día 22. Véase Anejo XIV del Apéndice.
[5] Anejos XV y XVI del Apéndice.
[6] Anejos XVII y XVIII del Apéndice.

## -II-

### A.

El vehículo procesal de *certiorari* le permite a un tribunal de mayor jerarquía revisar las órdenes o resoluciones interlocutorias emitidas por un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) (citando a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021)). La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada al Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a las págs. 207-208. Sobre ello, la referida regla dispone, en lo pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediablemente de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra*.

El examen para determinar si procede expedir un auto de *certiorari* no se da en el vacío o en ausencia de otros parámetros. *Torres González v.*

*Zaragoza Meléndez*, 211 DPR 821, 824 (2023). A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye un listado exhaustivo. *García v. Padró*, 165 DPR 324, 327 (2005).

De otra parte, estos factores pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene como propósito "evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019); *Mun. de Caguas v. JRO Construction, supra*.

**-III-**

Ciertamente, la controversia de autos es revisable mediante el auto discrecional del *certiorari* por tratarse de la revisión judicial de una determinación interlocutoria dictada post sentencia.[7] A través de su recurso, la peticionaria señala que, según su entendimiento, y como surge de la propia estipulación, al recurrido se le pagaría el 50% de la ganancia luego de acreditarse todo pago de hipoteca, mejora, conservación y mantenimiento. Así, reclama que la figura de la compensación es la más indicada para nivelar la liquidación. De otra parte, niega que el relevo incluido en los acuerdos incluya lo que reclama, pues este se limita a los hechos alegados en la demanda. Así, señala que, al momento de suscribirse la estipulación, la propiedad todavía constituía hogar seguro, por lo que al momento de los acuerdos no estaba sujeta a división y no era parte de los acuerdos y relevos.

Por su parte, el recurrido señala que al emitir la decisión recurrida el foro primario acogió la voluntad de las partes según los acuerdos que previamente le habían sido sometidos, cuya aprobación causó se dictara sentencia. De igual forma, destaca la contradicción presente en los argumentos levantados por la peticionaria pues mientras por un lado reclama ante nos su derecho a compensación, al solicitar reconsideración de las rentas que una vez le fueron ordenadas, niega que el recurrido deba ser compensado.

A los fines de resolver la controversia, nos hemos dado la tarea de evaluar cuidadosamente los argumentos traídos por las partes en contra y a favor de la decisión recurrida. Así hecho, y en consideración a las circunstancias particulares presentes en el caso, particularmente los acuerdos en su día alcanzados por las partes, no encontramos razón por la cual este Foro deba intervenir.

---

[7] *Banco Popular de Puerto Rico v. Gomez Ayalón*, 213 DPR 314 (2023).

A nuestro juicio, no se nos ha demostrado ninguno de los escenarios que la Regla 40 de nuestro Reglamento contempla para que discrecionalmente intervengamos en dictámenes interlocutorios o post sentencia. Por ello, no lo haremos.

**-IV-**

Por las razones antes dadas, denegamos expedir el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones